IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-50762
Summary Calendar

RAFAEL HERNANDEZ, dba ALAVISTA ADVERTISING

Plaintiff - Appellant

v.

IKON OFFICE SOLUTIONS, INC.

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
(3:08-CV-00097)

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rafael Hernandez contracted with Ikon for the maintenance of color copiers that he used in his advertising business. Hernandez alleges that prior to the parties signing the contract, Ikon represented that it would "service and support your solution to ensure it continues to function at optimal capacity and meet the demands of your daily workflow." According to Hernandez, a few years

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

into the contract, Ikon's poor service caused him to have to hire and pay outside vendors for maintenance of the copiers.

Hernandez sued Ikon alleging violations of the Texas Deceptive Trade Practices - Consumer Protection Act.[1] On Ikon's motion, the district court dismissed the suit with prejudice and denied Hernandez leave to amend. Hernandez appeals.

We review the district court's dismissal pursuant to Rule 12(b)(6) de novo.[2] Hernandez's complaint alleges that Ikon contracted to service Hernandez's copiers to meet the demands of his work flow, but that Ikon did not provide services at this level. The district court dismissed the suit because these allegations amounted to a breach of contract claim, not the DTPA claim. We agree. The Texas Supreme Court has made clear that "[a]n allegation of a mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA."[3] Hernandez points to Texas law allowing DTPA claims alongside contract claims when the defendant makes an initial misrepresentation that was known at the time of the transaction and made to induce the consumer into the transaction.[4] But Hernandez's complaint is devoid of any allegation that Ikon never intended to perform on the contract. Significantly, the complaint also affirmatively alleged that Ikon initially performed under the contract. The district court did not err in concluding that the high standard for dismissal set by Rule 12(b)(6) was met; we AFFIRM the dismissal of the DTPA claim.

---

[1] TEX. BUS. & COM. CODE § 17.41 et seq.

[2] Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 557 (5th Cir. 2002).

[3] Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 304 (Tex. 2006) (quoting Ashford Dev., Inc. v. USLife Real Estate Serv. Corp., 661 S.W.2d 933, 935 (Tex. 1983)).

[4] See Chapa, 212 S.W.3d at 305.

However, we find that the district court abused its discretion in denying Hernandez leave to amend, better described as discretion with a strong bias in favor of granting leave to amend.[5] The district court's rationale for denying leave—that "amendment would be futile"—is incorrect because the allegations in Hernandez's complaint clearly add up to a breach of contract claim and the very basis for Ikon's Rule 12(b)(6) motion was that it was a breach of contract case. While Hernandez could have included a breach of contract cause of action in his initial complaint, he was entitled to proceed as he did with his DTPA claim.[6] At the motion to dismiss stage of the proceedings, with a claim conceded to be viable, he should have been given at least one chance to amend. Ikon has no claim of prejudice; the original complaint gave it adequate notice of the transactions at issue. The Supreme Court's direction, given in a case in which it permitted an amendment that changed the theory of the case from enforcement of an oral contract to quantum meruit, is that "leave to amend 'shall be freely given when justice so requires.'"[7] Accordingly, we AFFIRM dismissal of the DTPA claim, REVERSE the denial of leave to amend, and REMAND to the district court.

---

[5] See Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir. 1981) ("Appellate review of the decision to grant of deny leave is generally described as limited to determining whether the trial court abused its discretion.") (internal citation omitted).

[6] Id. at 599 ("[W]e think that where the failure to include in the complaint a known theory of the case arises not from an attempt to gain tactical advantages but from a reasonable belief that the theory is unnecessary to the case, denial of leave to amend is inappropriate.").

[7] Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting FED. R. CIV. P. 15(a)).

3